**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000016
22-JUN-2011
08:32 AM**

CAAP-10-0000016

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARTY MARTINS, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CR. NO. 5P110-00650)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Marty J. Martins (Martins) appeals from the September 9, 2010 judgment of conviction of the District Court of the Fifth Circuit, Lihue Division (District Court),[1] convicting him of Harassment, in violation of HRS § 711-1106(1)(a) (Supp. 2010).

On appeal, Martins raises one point of error, asserting that the Complaint is insufficient and cannot within reason be construed to charge a crime because it charges conduct in the disjunctive.

Appellee State of Hawai'i (State) argues that, because Martins is raising the sufficiency of the charge for the first time on appeal, the liberal construction standard applies under State v. Motta, 66 Haw. 89, 657 P.2d 1019 (1983) and the Harassment charge set forth in the Complaint was sufficient.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Laurel Loo presiding.

the arguments advanced and the issues raised by the parties, we affirm.

STANDARD OF REVIEW

"Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the *de novo*, or right/wrong, standard." State v. Wheeler, 121 Hawai'i 383, 390, 219 P.3d 1170, 1177 (2009) (quoting State v. Wells, 78 Hawai'i 373, 379, 894 P.2d 70, 76 (1995) (brackets, ellipsis and internal quotation marks omitted).

BACKGROUND

On May 4, 2010, the State charged Martins by complaint as follows.

> COUNT I: On or about the 9th day of April, 2010, in the County of Kauai, State of Hawaii, MARTY J. MARTINS, with intent to harass, annoy, or alarm another person, to wit: Kenneth McCoy, did strike, shove, kick, or otherwise touch Kenneth McCoy in an offensive manner or subject Kenneth McCoy to offensive physical contact, thereby committing the offense of Harassment in violation of Section 711-1106(1)(a) of the Hawaii Revised Statutes.

> COUNT II: On or about the 9th day of April, 2010, in the County of Kauai, State of Hawaii, MARTY J. MARTINS did obtain or exert unauthorized control over the property or services of Kenneth McCoy, to wit: a cane the value of which is not in excess of $100.00, with the intent to deprive the owner, of the property or services, thereby committing the offense of Theft in the Fourth Degree in violation of Section 708-833(1) of the Hawaii Revised Statutes.

Trial proceeded on September 9, 2010. At trial,[2] complaining witness Kenneth McCoy (McCoy) testified that he uses his cane to walk because his "knee joint is gone" and "it's also aggravated by arthritis". According to McCoy, he was familiar with Martins, and on the afternoon of April 9, 2010, McCoy was walking in the exit lane of Walmart when Martins drove his scooter "on the sidewalk side of two cars, went over, and turned around and [came] back towards [McCoy]". Martins then "pulled in front of [McCoy,]" about 20 feet from McCoy, then got off his moped and "stood there and waited for [McCoy]". McCoy testified

---

[2] Although the trial transcript was requested, it was not part of the record on appeal at the time briefs were filed. Both the State and Martins cited in their briefs to a transcript that was not of record. Counsel are reminded that they should ensure that the transcript is part of the record on appeal prior to citing thereto, consistent with Rule 28 of the Hawai'i Rules of Appellate Procedure.

that Martins stopped directly in the direction that McCoy was walking. McCoy stated that Martins "got in my face" and "confronted me" and that Martins's demeanor "was threatening." According to McCoy, they "were arguing" and McCoy "went to change legs" when "Martins reached down and grabbed my cane and threw it over in the weeds along an irrigation canal" which was approximately "12 to 16 feet" away. McCoy later clarified that he had lifted the cane up off the ground as he "was just changing legs[,]" "readjusting". McCoy testified that he was holding the cane in his hand and that "[Martins] just snatched it out of my hand." McCoy stated he was unaware of doing anything to provoke Martins prior to the taking of his cane. McCoy "got on the phone to call the police," and Martins left.

The defense moved for a judgment of acquittal on both charges. Regarding the theft charge, the defense asserted there was no showing that Martins intended to deprive McCoy of his property, the cane. Regarding the Harassment charge, the defense argued that: "[T]here's not a showing of an intent to harass, annoy and alarm. It sounds like mutual confrontation there."

The District Court denied the motion for judgment of acquittal.

Martins testified that he was riding his moped "through the Walmart parking area, or down the access road along the front of Walmart, going to the apartments behind Wilcox Hospital." He was stopped behind a car and decided to go around the vehicle, at which point McCoy "started mouthing off." Martins testified he was wearing ear plugs and could not understand all of what McCoy said, but heard McCoy yelling: "Asshole . . . [t]his isn't Daytona" or "'this isn't' something". By that time, Martins had passed McCoy and then decided to turn around to confront McCoy. Martins testified that he parked and "stood there and waited for [McCoy] to come along." Martins testified that he told McCoy, "I can't have you cussing me every time I ride my moped" and McCoy responded by swearing at Martins and that McCoy raised his cane and stated "I'll knock you silly." Martins testified "[s]o I took the cane and threw it behind me about eight feet." Martins

stated that he left and that McCoy "wasn't calling the cops when I left."

In closing argument, the State and the defense focused only on Martins's action in taking McCoy's cane as the relevant conduct for the Harassment charge. The State argued that McCoy had the cane in his hand when it was ripped out, such that it was an offensive touching meant to harass, annoy or alarm McCoy. The defense argued that "the State hasn't shown that [Martins] intended to harass, annoy and alarm by taking the cane." Rather, the defense asserted, there was a mutual confrontation, McCoy was waving his cane, and Martins took the cane and threw it in an attempt at self-protection.

The District Court convicted Martins of Harassment, but acquitted him of Theft. The District Court stayed the sentence pending appeal. This appeal followed.

DISCUSSION

Martins acknowledges he did not object before the District Court to the sufficiency of the charge. He further acknowledges the applicability of Motta and the liberal construction standard where there is a post-conviction challenge to a charge. Under Motta, a "flexible rule of liberal construction" applies wherein "we must liberally construe the [charge] in favor of validity and uphold it, unless there is some showing of substantial prejudice . . . such as that the [charge] is so obviously defective that by no reasonable construction can it be said to charge the offense[.]" Motta, 66 Haw. at 93-94, 657 P.2d at 1021-22 (citation, internal quotation marks, and some ellipsis points omitted; brackets and some ellipsis points added); see also Wheeler, 121 Hawai'i at 399-400, 219 P.3d at 1186-87 (noting that when a charge is challenged for the first time on appeal, "this court will not reverse a conviction based upon a defective indictment [or complaint] unless the defendant can show prejudice or that the indictment [or complaint] cannot within reason be construed to charge a crime.") (citations and internal quotation marks omitted).

In this case, Martins does not suggest at all that he was prejudiced by the wording of the Complaint. Rather, he rests his appeal on the contention that the Complaint "cannot within reason be construed to charge a crime." We do not agree.

Martins primarily relies on State v. Jendrusch, 58 Haw. 279, 567 P.2d 1242 (1977). Applying the liberal construction standard, however, Jendrusch is distinguishable. In Jendrusch, the defendant was charged in one count with different types of conduct that were proscribed under different sections of the disorderly conduct statute. In that circumstance, charging the defendant in the disjunctive rather than in the conjunctive "left the defendant uncertain as to which of the acts charged was being relied upon as the basis for the accusation against him." 58 Haw. at 283 n.4, 567 P.2d at 1245 n.4. Unlike in Jendrusch, we consider the entire record below and it is clear in this case that the only conduct in question for the Harassment charge was Martins's conduct in taking away McCoy's cane.[3]

"[I]n determining whether a defendant has been adequately informed of the charges against him, the appellate court can consider other information in addition to the charge that may have been provided to the defendant during the course of the case up until the time defendant objected to the sufficiency of the charges against him." Wheeler, 121 Hawai'i at 396, 219 P.3d at 1183. When the sufficiency of the charge is raised for the first time on appeal, we may consider the entire record below, including the testimony and counsel's closing argument. Id.; State v. Sprattling, 99 Hawai'i 312, 320-21, 55 P.3d 276, 284-85 (2002). Here, similar to Sprattling, Martins admitted to conduct supporting the Harassment charge (i.e., that he took McCoy's cane and threw it), McCoy testified that Martins "snatched" the cane out of his hands, and in closing arguments it was clear the defense understood that the only conduct pertaining

---

[3] Although State v. Pesentheiner, 95 Hawai'i 290, 294-95, 22 P.3d 86, 90-91 (App. 2001) recognized that different types of conduct could violate HRS § 711-1106(1)(a) (i.e., actual bodily contact, as opposed to "offensive physical contact" involving "contact with an item physically appurtenant to the body"), the conduct in question in the instant case was clear.

to the Harassment charge was the taking of McCoy's cane. Even in his reply brief before this court, Martins states that he "was charged with harassment for grabbing Kenneth McCoy's cane and tossing it aside."

Under the circumstances of this case, the Complaint can be reasonably construed to charge the crime of Harassment and Martins was adequately informed of the charge against him.

Based on the foregoing, the judgment filed on September 9, 2010 is affirmed.

DATED: Honolulu, Hawai'i, June 22, 2011.

On the briefs:

Charles A. Foster
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
County of Kauai

Presiding Judge

Associate Judge

Associate Judge